## JOSEPH BESTRY v. ELIZABETH K. DORN

[No. 31, October Term, 1941.]

*Decided November 13, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE and MARBURY, JJ.

*R. Palmer Ingram,* with whom was *Paul B. Mules* on the brief, for the appellant.

*Richard M. Carlin,* with whom were *Herbert L. Grymes* and *Edward J. Colgan, Jr.,* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2 of Baltimore City dismissing appellant's bill of complaint which was filed for the purpose of having declared null and void and as fraudulent as to his marital rights a deed of assignment from his wife, Amanda Bestry, to her daughter, Elizabeth K. Dorn, for certain leasehold property owned by the wife, located at 737 South Potomac Street, in Baltimore City, in which assignment the grantor retained the right and privilege "to mortgage, sell or otherwise dispose of or encumber" the property described therein.

At the time of Mrs. Bestry's death on July 31, 1940, she was about fifty years of age. She left a surviving husband, the appellant, whom she married in 1928, and appellee, a daughter by her first husband, who accidentally lost his life in 1923. The deed of assignment was executed on April 23, 1940, and the husband alleged he knew nothing of its execution until after the death of the wife.

The leasehold interest in the property, which was subject to an annual ground rent of $45, was originally acquired by decedent and her first husband, as tenants by the entireties, in 1917, from a building and loan association, which retained the legal title thereto, permitting the purchasers to occupy the property under a contract of sale. At the time of decedent's marriage to appellant there was still due and unpaid upon the purchase price of the property $155, and in 1930, upon payment of the balance due thereon, the association assigned the property to Mrs. Bestry, who at that time borrowed $300 from another building association and secured it by a mortgage thereon. The mortgage last referred to was in

August, 1934, released, and another mortgage was given upon the property to the Homewood Permanent Building and Loan Association to secure a loan of $624. That mortgage was released September 13, 1937, from proceeds of a loan made by the same association to secure the payment of $832, and the mortgage last referred to was released in February, 1940.

The evidence shows that the married life of Mr. and Mrs. Bestry had not been entirely successful inasmuch as appellant was unable to earn a living for himself and wife. He removed from their home and not infrequently and for extended periods lived with his sister and was there living at the time of his wife's death, and although he visited his wife almost daily, his contributions to her were extremely small and infrequent.

The mortgage indebtedness upon the Potomac Street property which, at the time of her marriage to appellant, was negligible, had from that time on steadily increased. Most of the time while appellant lived away from his wife, Mrs. Bestry resided alone in the property, but at different periods lived at the home of her daughter and son-in-law and was there living at the time of her death. She paid nothing for board, lodging and wearing apparel, and, in addition, she received from the daughter various sums of money, and this also occurred while she was living alone on Potomac Street.

Mrs. Dorn and husband for these advances and accommodations were never reimbursed, and it is undisputed that the first husband, defendant's father, furnished in large measure the funds for the acquisition of the leasehold property in the first instance. Because of this, the decedent on many occasions expressed a view that the property should go to Mrs. Dorn.

The deed of assignment here attacked was prepared by Mrs. Dorn's husband in 1935, at Mrs. Bestry's request, and as heretofore observed the granting and habendum clauses were subject to the power of the grantor to "mortgage, sell or otherwise dispose of or encumber"

the property.  Execution of the assignment was delayed, because of a desire on Mrs. Bestry's part that the mortgage indebtedness upon the property first be paid off, and this having been done by the defendant and her husband, decedent executed the assignment.  It was recorded on June 28, following its execution.  It is possible that as contended by appellant he did not learn of the assignment until after his wife had died, but Mrs. Dorn and her husband assumed his wife had given him such information.

In securing the mortgage release upon the Potomac Street property, appellee and her husband were required to expend the sum of slightly over $600, and thus they gave an actual consideration of money in that amount in payment for the leasehold property, subject to a life estate in decedent, who was about forty-nine years of age, and it is plain that they suffered a detriment to the extent of that payment and that Mrs. Bestry enjoyed a corresponding benefit, since by release of the mortgage indebtedness, her net income from the property by way of rentals was enlarged.  It is, therefore, clear that the conveyance in question was made upon a valuable consideration apart from moral considerations, which are entitled to be noted in determining the propriety and validity of such transactions.

As stated by this Court in *Whitehill v. Thiess,* 161 Md. 657, 158 A. 347, 348, 79 *A. L. R.* 373; "The rightfulness of the arrangement from the point of view of fairness to the children who furnished most of the money seems to us to save it from being a wrong upon the husband and the marital rights which a court of equity might otherwise consider should be secured for him."

Appellant strongly relies upon the decision of this Court in *Jaworski v. Wisniewski,* 149 Md. 109, 131 A. 40, and urges it as authority for the proposition that under the facts before us the act of Mrs. Bestry in assigning her leasehold estate to the daughter was per se fraudulent as to his marital rights in the property mentioned.

The reservation in the present case, however, on the part of the grantor does not expressly create in her either the power to dispose of and consume the proceeds of any sale, mortgage, or lease, or the power of testamentary disposition as existed in that case. Moreover, the testimony in the case referred to showed that the deeds were executed for the express purpose of preventing the husband from receiving any portion of the wife's estate, she having declared that she intended to fix matters so that her husband would not get "one cent" out of the property. Because of such fraudulent conduct the deeds were set aside so far as the husband's one-third interest was concerned.

Then followed the cases of *Whitehill v. Thiess,* 161 Md. 657, 158 A. 347, 348, 79 *A. L. R.* 373. There the property was purchased by a married woman from funds supplied by her children. The conveyance was to her "for and during the term of her natural life only with full power in the said Mary C. Thiess to lease, mortgage, deed or in any otherwise encumber the property absolutely and after her death and without the exercise of the aforesaid power then an undivided fifth interest each to Anna K. Whitehill, Charles H. Thiess, Rose K. Thiess, Leona Gately and a one-tenth interest each to Evelyn Thiess and Ferdinand G. Thiess as tenants in common."

Seven years later Mrs. Thiess died without ever having exercised the power of disposition or encumbering the property in any manner. It was held upon the authorities cited that by its terms the deed conveyed only a life estate unto Mrs. Thiess, the Court in the course of that opinion saying: "There is no direct testimony that the wife and the grantor in this deed arranged the title so as to avoid the attaching of marital rights in the husband, but it may be presumed that they did so. Then the principles to be considered are those which have been recently explained in the case cited in argument. *Jaworski v. Wisniewski,* 149 Md. 109, 115, 131 A. 40. An attempt to evade the marital rights of one spouse in the

estate of the other after death by preserving to the latter all that complete ownership would give up to death, but disposing in advance of the estate after death so as to put out of the surviving spouse's reach, may be defeated by the wronged spouse as a fraud upon him and his rights. But this, we believe, is not to be taken as the invariable result of such a conveyance."

It is thus seen that the distinction between the case last cited and that of *Jaworski v. Wisniewski, supra,* is that in the former no intent to defraud the husband of the grantor was found to exist, and therefore the execution of the deed defrauded him of no rights, because it was prompted by the observance of what the grantor regarded as the moral and equitable thing to do under the circumstances considered, whereas in *Jaworski v. Wisniewski, supra,* the deed was executed for the express purpose of preventing the husband from securing his marital rights in the property, no other circumstances being present to justify such a course on the part of the grantor.

In the present case all factual features are present that were found to exist in *Whitehill v. Thiess, supra,* and in addition there passed from the grantee to the grantor a present, valuable consideration for the execution by her of the deed of assignment.

It must follow in view of the facts and the purpose which the grantor had in mind at the time of executing the assignment, the same was not made to defeat the rights of her husband, and the chancellor was correct in so holding.

*Decree affirmed, with costs.*